**AUGELLO**

v.

**DULLES, Secretary of State of United States.**

No. C 7193.

United States District Court
E. D. New York.

July 14, 1954.

Harry Meisel, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., for Eastern District of New York, Brooklyn, by Elliott Kahaner, Asst. U. S. Atty., Brooklyn, for defendant.

BYERS, District Judge.

The plaintiff was permitted to reopen his case on July 12, 1954, to attempt to supply evidence pursuant to the closing paragraph of the opinion reported in D.C., 110 F.Supp. 689. The application to that end was not timely, but the evidence was received in the interests of justice, and for the information of a reviewing court.

All that was testified to was the writing of a letter in August of 1943, as one witness said to "the American Army in Palermo" and as another put it, "To the American Consul."

Naturally the contents as related on the witness stand were vague, but the testimony is deemed to mean that the plaintiff is said to have offered to render service in any acceptable position, to the U. S. occupying forces.

The motion is based on affidavits of the plaintiff, his parents, and one Bianco, verified one year after the date of the said opinion, although all affiants have resided in Brooklyn since 1951, and no reason is suggested for failing to comply with the thirty day limitation stated in the judgment dated March 30, 1953.

The testimony is deemed not to comply with the requirement that "during the years 1943 and 1944 he did indeed endeavor to perform one or more of the duties consistent with the teachings of the citizenship which he now seeks to have declared," in that:

The mere writing of such a letter as the affidavits and testimony allude to, if indeed it was written and mailed, was not followed up in any respect.

The plaintiff was about 27 years of age in 1943, and had served two tours of duty with the Italian Army, and was sufficiently seasoned as an individual to have been able to demonstrate by appropriate affirmative act or acts, his purpose to identify himself with the American occupation as an American citizen, had he entertained such a purpose.

The evidence such as it is, does not meet the test as the Court conceived it, of the burden resting upon the plaintiff.

The motion to reopen having been granted, and the evidence tendered in that behalf having been weighed and found wanting, the plaintiff's motion to vacate the judgment heretofore rendered on March 30, 1953, is hereby denied.

Settle order.